## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Wahl Clipper Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| Conair Corporation and Conair LLC | ) | |
| | ) | **TRIAL BY JURY DEMANDED** |
| Defendants. | ) | |

## COMPLAINT

Wahl Clipper Corporation ("Wahl"), for its Complaint against Defendants Conair Corporation and Conair LLC (collectively "Conair"), states:

### Background

1. Wahl is the owner of issued United States Design Patent Number D715,491 ("the '491 Patent") entitled Base with Projections that was duly and legally issued on October 14, 2014. A true and correct copy of the '491 Patent is attached as Exhibit A. The '491 Patent is presumed valid and enforceable and that can only be overcome by clear and convincing evidence.

2. Wahl is the owner of issued United States Patent Number 9,038,276 ("the '276 Patent") entitled Hair Clipper with a Rotary Motor Vibration and Noise Damper that was duly and legally issued on May 26, 2015. A true and correct copy is attached as Exhibit B. The '276 Patent is presumed valid and enforceable and that can only be overcome by clear and convincing evidence.

3. Wahl is the owner of Registered United States Trademark 4610497 for the mark WEDGE ("the Trademark" or the "WEDGE Trademark") in class 8 for "blades for electric hair clippers" (the "Goods"). A true and correct copy is attached as Exhibit C. The Trademark is incontestable. The WEDGE Trademark is valid, subsisting, and currently in full force and effect.

1

Moreover, under 15 U.S.C. § 1065, the WEDGE Trademark gives Wahl the incontestable right to use the WEDGE Trademark in commerce for the Goods.

## Parties

4. Wahl Clipper Corporation is an Illinois corporation with its principal place of business in Sterling, Illinois. It designs, manufactures, and sells professional and retail grooming equipment, including hair cutting devices such as hair clippers and repair and replacement components therefor.

5. On information and belief, Conair Corporation is a Delaware corporation with its principal place of business in Stamford, Connecticut and Conair LLC is a Delaware limited liability corporation with its principal place of business in Stamford, Connecticut. Conair manufactures and sells hair clippers in competition with Wahl in the United States.

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because complete diversity exists between the parties and the amount in controversy exceeds $75,000.

7. This court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and § 1338(a) because it involves the Patent Laws of the United States.

8. This Court also has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1338(a) because it involves claims arising under and subject to the Trademark Law of the United States, 15 U.S.C. § 1051, et seq.

9. This Court has personal jurisdiction over Conair because, on information and belief, Conair is present in this state and district, and because it has availed itself of the rights and benefits

of the laws of Delaware as the legal place of business having systematic and continuous business contacts with Delaware.

10. Venue is proper in this district under 28 U.S.C. § 1391(b) and § 1400(b).

## Count I
## Patent Infringement – The '491 Patent

Paragraphs 1-10 apply to each Count of the Complaint.

11. Conair sells hair clippers in the United States and in this district identified as BaBylissPRO LO-PROFX clipper (the "accused device" or "LO-PRO clipper") (a true and correct depiction of the LO-PRO clipper is attached as Exhibit D).

12. The LO-PRO clipper infringes the '491 Patent. When the LO-PRO clipper is viewed in the eyes of an ordinary observer, compared to the claim of the '491 Patent *in toto*, the observer is confused as to the source of the goods. Comparisons of the LO-PRO clipper design to the '491 Patent drawings are attached as Exhibit E and show the confusing similarity in design. *See, e.g., Amini Innovation Corp. v. Anthony California, Inc.*, 439 F.3d 1365, 1372, 78 U.S.P.Q.2d 1147 (Fed. Cir. 2006) ("[T]he trial court mistakenly analyzed each element separately instead of analyzing the design as a whole from the perspective of an ordinary observer."). Further, that Conair made the indented regions of the side edges of the LO-PRO clipper symmetrical does not take it out of infringement, as this change merely amounts to adding an additional element to the claimed design by adding additional material to one side edge to achieve symmetry around the indented regions of the side edges. However, the claimed design remains present in the LO-PRO clipper and is readily apparent to the ordinary observer because the accused device "embod[ies] the patented design or a colorable imitation thereof." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008).

13. The Federal Circuit has repeatedly stated that courts are to "consider the ornamental aspects of the design as a whole and not merely isolated portions of the patented design" and to determine whether the effect of the entire design is substantially the same. *Payless ShoeSource, Inc. v. Reebok Int'l Ltd.,* 998 F.2d 985, 991 (Fed. Cir. 1993).

14. In this case, and similar to *Egyptian Goddess,* Conair has simply added a second elongated side edge with an indent to achieve symmetry about the longitudinal axis (that is essentially a mirror image of the side edge that already appropriates the '491 Patent design). However, this elongation of one side edge does not create a significantly different effect upon the eye of the ordinary observer compared to the claimed design in the '491 Patent.

*See* annotated figure below from Exhibit E:



On information and belief, it appears that Conair copied the '491 Patent design.

15. Conair has been placed on actual notice of the '491 Patent by means of a cease and desist letter sent January 13, 2022 which was acknowledged by counsel for Conair on February 8, 2022, but has refused to stop making and selling the accused device, despite such actual notice.

16. Throughout the relevant period of time, Wahl has complied with the provisions of 35 U.S.C. § 287(a) by marking substantially all goods and/or packaging for any covered products made and/or sold by Wahl. Wahl marked the products embodying the '491 Patent and/or the packaging as a reasonable and appropriate means of marking under 35 U.S.C. § 287(a), given, among other things, the characteristics of the products and materials justifying packaging marking, and underlying notice of patented protection. Wahl has had a consistent practice of marking the products and/or packaging that they reasonably believed incorporated the claimed invention of the '491 Patent. The products and/or the packaging identified the '491 Patent in a manner visible to customers, competitors, and the public at large. As a result of the allegations set forth herein, Wahl has complied with the provisions of 35 U.S.C. § 287(a) and provided timely constructive notice of the '491 Patent.

17. Conair's infringement of the '491 Patent is willful. Prior to suit, Wahl suggested various simple alternative designs, but Conair refused to implement them, without explanation.

18. Below are links to YouTube videos where the accused device has been advertised or reviewed and directly compared to the Wahl Magic Clip or other Wahl hair clippers, both of which embody the '491 Patent design:

        A. https://www.youtube.com/watch?v=JpdxJpyafFE

        B. https://www.youtube.com/watch?v=gk5rkCBO7-U

        C. https://www.youtube.com/watch?v=BOPFV6s4T50

      D. https://www.youtube.com/watch?v=rVICCuIM3pw

19. Specifically, in the first clip (item 16. A. above), starting at 3:30 minutes, the BaBylissPRO Director of Marketing and Education and Director of Marketing at Conair Corporation, Dennis Joseph, admitting the accused device is:

> "[going] after the classic Americano shape [clipper] which is something that every time I'm at a show I've heard 'I prefer more of a' ---- I won't say the name but you guys know the 4-letter word [Wahl] we won't use, but some people just prefer that shape . . . We really spent our time making sure that this struck a beat with the guy that's looking for that classic shape."

20. In the second clip (item 16. B. above), at 3:10 minutes, a separate podcast reviewer states:

> "if you look, first glance, it is the shape of a Senior or Magic Clip".

The Senior and the Magic Clip are both Wahl clippers that embody the '491 Patent. Both clips show that independent, ordinary observers find the designs to be at least substantially the same, the exact test for design patent infringement.

21. Wahl has been damaged by Conair's sale of the LO-PRO clipper.

22. If Conair is not permanently enjoined from sale of the LO-PRO clipper it will cause Wahl irreparable harm that cannot be fully determined or compensated by money damages.

WHEREFORE, Wahl requests judgment against Conair as follows:

A. Adjudging that Conair has infringed the '491 Patent, in violation of 35 U.S.C. § 271;

B. Granting an injunction permanently enjoining Conair, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from infringing, contributing to the infringement of, or inducing infringement of the '276 Patent;

C. Ordering Conair to account and pay damages adequate to compensate Wahl for Conair's infringement of the '491 Patent, including pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284 or to the extent of Conair's total profit associated with the infringement of the '491 Patent pursuant to 35 U.S.C. § 289, whichever is greater;

D. Ordering an accounting for any infringing sales not presented at trial and an award by this Court of additional damages for any such infringing sales;

E. Ordering Conair to account and pay damages adequate to compensate Wahl for Conair's infringement of the '491 Patent, including pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 289

F. Ordering that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

G. Declaring this case exceptional and awarding Wahl its reasonable attorney fees, pursuant to 35 U.S.C. § 285; and

H. Awarding such other and further relief as this Court deems just and proper; and

I. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Wahl hereby demands a trial by jury of all issues so triable.

## Count II
## Patent Infringement – The '276 Patent

Paragraphs 1-10 apply to each Count of the Complaint.

23. Conair sells hair clippers in the United States and in this district named LO-PRO clippers (the "accused device" or "LO-PRO clipper").

24.     The LO-PRO clipper infringes one or more claims of the '276 Patent, including at least claim 1. A true and correct claim chart outlining how the LO-PRO clipper meets every element of claim 1 is attached as Exhibit F.

25.     The LO-PRO clipper infringes one or more claims of the '276 Patent, including at least claim 1. A true and correct claim chart outlining how a second version of the LO-PRO clipper meets every element of claim 1 is attached as Exhibit G.

26.     Conair has been placed on actual notice of the '276 Patent by means of a cease and desist letter sent March 25, 2022, which was acknowledged by counsel for Conair on March 31, 2022, but Conair has refused to stop making and selling the accused device, despite such actual notice.

27.     Throughout the relevant period of time, Wahl has complied with the provisions of 35 U.S.C. § 287(a) by marking substantially all goods and/or packaging for any covered products made and/or sold by Wahl. Wahl marked the products embodying the '276 Patent and/or the packaging as a reasonable and appropriate means of marking under 35 U.S.C. § 287(a), given, among other things, the characteristics of the products and materials justifying packaging marking, and underlying notice of patented protection. Wahl has had a consistent practice of marking the products and/or packaging that they reasonably believed incorporated the claimed invention of the '276 Patent. The products and/or the packaging identified the '276 Patent in a manner visible to customers, competitors, and the public at large. As a result of the allegations set forth herein, Wahl has complied with the provisions of 35 U.S.C. § 287(a) and provided timely constructive notice of the '276 Patent.

28.     Conair's infringement of the '276 Patent is willful. Prior to suit, Conair asserted it had changed the design of the LO-PRO clipper to avoid infringement and sent Wahl a purported

exemplar of its new design, but then asserted that this exemplar was not in fact the new design but was sent by mistake. Thereafter, Conair assured Wahl that it would send the new design, but when it finally did send an updated design, said updated design had not substantively changed and continues to literally infringe upon simple visual inspection. It also refused to provide the date on which any supposed new design had been implemented or what its sales of the old design had been prior to the purported change. Conair has therefore acted in bad faith in making these assertions.

29. Wahl has been damaged by Conair sales of the LO-PRO clipper.

30. If Conair is not permanently enjoined from sale of the LO-PRO clipper it will cause Wahl irreparable harm that cannot be fully determined or compensated by money damages.

WHEREFORE, Wahl requests judgment against Conair as follows:

A. Adjudging that Conair has infringed the '276 Patent, in violation of 35 U.S.C. § 271;

B. Granting an injunction permanently enjoining Conair, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from infringing, contributing to the infringement of, or inducing infringement of the '276 Patent;

C. Ordering Conair to account and pay damages adequate to compensate Wahl for Conair's infringement of the '276 Patent, including pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

D. Ordering an accounting for any infringing sales not presented at trial and an award by this Court of additional damages for any such infringing sales;

E. Ordering that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

F. Declaring this case exceptional and awarding Wahl its reasonable attorney fees, pursuant to 35 U.S.C. § 285;

G. Awarding such other and further relief as this Court deems just and proper; and

H. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Wahl hereby demands a trial by jury of all issues so triable.

## Count III
## Trademark Infringement – The WEDGE Trademark

Paragraphs 1-10 apply to each Count of the Complaint.

31. Conair sells the FX 825 and 603G clippers in the United States and in this district and uses the word "WEDGE" as a trademark, for example as a product identifier, for the FX 825 and 603G clippers. A true and correct copy of one trade assertion showing its trademark use of "WEDGE" is attached as Exhibit D.

32. Conair's use of the word "WEDGE" with the FX 825 and 603G clippers infringes the Trademark, and/or creates a reasonable likelihood of confusion. Conair is using Wahl's registered and incontestable Trademark WEDGE® with the identical trademark on the identical goods in the identical channels of trade. Conair's assertion that it uses "WEDGE" with its Conair or other marks does not obviate its trademark infringement, and the uses Wahl identified in the cease and desist letter sent to Conair on August 27, 2021 did not reference Conair marks on the pages that used the mark "WEDGE." *Ill. Tool Works Inc. v. J-B Weld Co., LLC*, 419 F. Supp. 3d 382, 395-396, 2019 U.S. Dist. LEXIS 214162, 2019 U.S.P.Q.2D (BNA) 476657, 2019 WL 6765761 ("J-B Weld's appropriation of that word mark is not saved by the house mark or trade

dress when these simply denote J-B Weld's theft of ITW's mark rather than transforming the word mark itself into something new. *See In re Mighty Leaf Tea*, 601 F.3d 1342, 1347-48 (Fed. Cir. 2010) ("the presence of an additional term in the mark does not necessarily eliminate the likelihood of confusion if some terms are identical"). . . . the use of the house mark in conjunction with the junior mark in the circumstances presented by this case is 'an aggravation, not a justification.' *Menendez*, 128 U.S. at 521,9 S.Ct. 143. . . . Word marks would lose much their meaning if a competitor could market an identical product using the senior product's registered mark and escape liability for infringement simply by slapping the competitor's logo on the product, changing the trade dress, or making a minor punctuation change.")

33. Below is a link to a YouTube video where the accused device has been advertised or reviewed and directly compared to the Wahl Magic Clip or other Wahl hair clippers that include the WEDGE blade:

https://www.youtube.com/watch?v=JpdxJpyafFE

More specifically, in the clip, starting at 6:48 minutes, BaBylissPRO's Director of Marketing and Education and Director of Marketing at Conair Corporation, Dennis Joseph, admits the reason for using the WEDGE trademark stating:

> [Podcast host:] "Why did you move away from the fade blade and go towards the wedge blade in the LO-PROFX?
>
> [BaByliss' Director of Marketing:] We offered a fade blade on some units that are currently being sold . . . Plus, um, you'll see it on some of the newer models we have coming out. And people were crazy about . . . people were crazy about this, and part of the reason they were crazy about it is because of that blade on there, that wedge blade. . . . I was never a big fan of using the wedge blade, that's on here, and when it was put on this unit and I started cutting with it, I, you fall in love with, it personally. "

34. Conair was put on notice of the Trademark, but has refused to stop using the word "WEDGE" with the FX 825 and 603G clippers, despite such notice. It provided no evidence to

Wahl in response to the cease and desist demand that there was no actual confusion by its use of Wahl's Trademark.

35. The foregoing acts of Conair, undertaken without authorization from Wahl and with knowledge that use of the WEDGE Trademark are likely to be confused, are intended to cause and are likely to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether the Conair's WEDGE branded products originate from, or are affiliated with, sponsored by, or endorsed by Wahl.

36. Conair has acted with knowledge of Wahl's Trademark superior rights in WEDGE and to unfairly benefit from the goodwill symbolized thereby.

37. Conair's activities as described above constitute infringement of the WEDGE Trademark in violation of Section 32(1) of the Lanham Act of 1946, as amended (15 U.S.C. § 1114(1)).

38. On information and belief, Conair's unlawful activities have enabled them to make, and to continue to make, substantial profits and gains to which they are not entitled.

39. On information and belief, Conair will continue their willful infringing acts, unless restrained by this Court.

40. Conair's acts have damaged, and will continue to damage, Wahl, and Wahl has no adequate remedy at law.

41. Conair's infringement of the Trademark is willful and the case is exceptional. Prior to suit and Prior to Conair launching its product and fully entering the market with its infringing uses of WEDGE®, Wahl suggested to Conair various easy and inexpensive alternative ways that Conair could avoid such infringement such as "wedge-shaped, "wedge-profile" or "wedge-style," but Conair refused to make any such changes, again without explanation. Wahl also suggested

that Conair use a disclaimer with the word "WEDGE" that would state, "BaBylissPRO and Conair are not affiliated with Wahl Clipper Corporation or its WEDGE® products." Conair again refused to make any such disclaimer, without explanation. Conair's assertion that its use of "WEDGE" is merely descriptive and is therefore a fair use would give Wahl's WEDGE® Trademark no scope, contrary to law, and given the notices provided to Conair as to Wahl's use of WEDGE, Conair's use is not made in good faith as required by law. Notably, Conair itself has used the term "Wedge-style" to describe its FX603 Japanese Stainless Steel Blades.

42. If Conair is not permanently enjoined from sale of the FX 825 and 603G clippers it will cause Wahl irreparable harm that cannot be fully determined or compensated by money damages.

WHEREFORE, Wahl requests judgment against Conair as follows:

A. Adjudging that Conair has infringed Wahl's WEDGE Trademark, in violation of 15 U.S.C. § 1114;

B. Granting an injunction permanently enjoining Conair, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from infringing, contributing to the infringement of, or inducing infringement of the WEDGE Trademark;

C. Ordering Conair to account and pay damages adequate to compensate Wahl for Conair's infringement of the WEDGE Trademark, including pre-judgment and post-judgment interest and costs, and to the extent of Conair's total profit associated with the infringement of the WEDGE Trademark pursuant to 15 U.S.C. § 1117;

D. Ordering an accounting for any infringing sales not presented at trial and an award by this Court of additional damages for any such infringing sales;

E. Ordering that the damages award be increased up to three times the actual amount assessed, pursuant to 15 U.S.C. § 1117;

F. Declaring this case exceptional and awarding Wahl its reasonable attorney fees, pursuant to 15 U.S.C. § 1117; and

G. Awarding such other and further relief as this Court deems just and proper.

H. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Wahl hereby demands a trial by jury of all issues so triable.

Dated: January 30, 2023

BARNES & THORNBURG LLP

*/s/ Chad S.C. Stover*
Chad S.C. Stover (No. 4919)
222 Delaware Avenue, Suite 1200
Wilmington, DE 19801
Telephone: (302) 300-3474
Email: cstover@btlaw.com

Daniel P. Albers (*Pro hac vice* forthcoming)
Illinois ARDC #6185037
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, Illinois 60606
Telephone: (312) 214-8311
Facsimile: (312) 759-5646
daniel.albers@btlaw.com

*Attorneys for Plaintiff,*
*Wahl Clipper Corporation*