IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WAHL CLIPPER CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>CONAIR CORPORATION and CONAIR LLC,<br><br>Defendants. | C.A. No. 23-0114-RGA |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

WHEREAS WAHL CLIPPER CORPORATION ("Wahl" or "Plaintiff") and CONAIR CORPORATION and CONAIR LLC, a Delaware Corp., (collectively "Defendants") may seek discovery of documents, information or other materials that may constitute or contain sensitive proprietary information, such as confidential technical or business commercial information, of the Parties or third parties;

WHEREAS such confidential or proprietary information must be protected in order to preserve the legitimate business interests of the Parties or other Persons

WHEREAS Plaintiff and Defendants have, through counsel, stipulated to the entry of this Stipulated Protective Order ("Order") to prevent unnecessary dissemination or disclosure of such confidential or proprietary information;

WHEREAS the Parties have established good cause for entry of this Order;

NOW THEREFORE, pursuant to Federal Rule of Civil Procedure 26(c), upon the stipulation and consent of the Parties and for good cause shown, the Court hereby ORDERS that:

1

1. **SCOPE**

    This Order shall govern the disclosure, production and use of Discovery Material (as defined below) produced in connection with this Action. This Order shall apply regardless of whether such information was produced prior to or after entry of this Order.

2. **DEFINITIONS**

    a. The term "CONFIDENTIAL INFORMATION" shall mean any tangible document, thing, or oral testimony that contains or reveals what a Party or non-party reasonably and in good faith considers to be its confidential or proprietary business or technical information. For the avoidance of doubt, CONFIDENTIAL INFORMATION includes nonpublic information relating, referring to, or concerning:

        i. competitive information, including analyses and comparisons of a competitor's product or services or other marketing or business strategies;

        ii. competitive business information, including non-public marketing and financial analyses, and other information relating to advertising, marketing and media, including without limitation, information relating to media selection, media/advertising/marketing spends, keyword purchases and performance, and website, social media and advertising analytics and traffic data;

        iii. personal health, medical or financial information, and;

        iv. any other commercially sensitive information the disclosure of which to non-qualified persons the Producing Party reasonably and in good faith believes would likely cause harm.

    b. The term "Discovery Material" means any document or thing, and includes, without limitation, any writings, video or audio tapes, computer generated or recorded information in

any form, materials, oral or written testimony, interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, document requests, responses to document requests, deposition testimony, deposition transcripts and exhibits, and other responses to requests for information or any tangible thing, produced by a Party or non-party in this Action.

c. The term "HIGHLY CONFIDENTIAL INFORMATION" shall mean information, within any tangible document, thing, or oral testimony, belonging to a Producing Party who in good faith believes consists of extremely sensitive, highly confidential, non-public information, the disclosure of such information to another Party or non-Party would create a substantial risk of serious financial or other injury that cannot be avoided by less restrictive means. The parties agree that the following information, if non-public, shall be presumed to be HIGHLY CONFIDENTIAL INFORMATION: trade secrets, financial data, sales forecasts, and information about future product development. The parties further agree that the designation of information as HIGHLY CONFIDENTIAL INFORMATION shall be very limited, and that information shall not meet the requirements of HIGHLY CONFIDENTIAL INFORMATION simply because it references or discusses internal business or contains information that the Producing Party would prefer not be disclosed.

d. CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION may include, without limitation, information within documents produced in this Action, during formal discovery or otherwise; information of nonparties which the producing or designating Party is under an obligation to maintain in strict confidence; initial disclosures; answers to interrogatories and responses to requests for admission or other discovery requests; deposition or hearing transcripts; affidavits; exhibits; experts' reports; memoranda of law;

and tangible things or objects that are designated confidential pursuant to this Order. The information contained therein and all copies, abstracts, excerpts, analyses, notes, or other writings that contain, reflect, reveal, or otherwise disclose such confidential information shall also be deemed CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION. Information originally designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION shall not retain that status after any ruling by the Court denying such status to it. Each Party shall act in good faith in designating information as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION.

e. For the avoidance of doubt, the terms CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION shall not include:

   i. Information that was or is in the public domain at the time of disclosure, not in violation of this Order;

   ii. Information which after disclosure is published or becomes part of the public domain, through no fault of a Person receiving information under this Order, but only after it is published or comes into the public domain, not in violation of this Order;

   iii. Information that is in the possession of a Party receiving such information without any confidentiality obligations at the time of disclosure, and such information was received from a source that possessed the right to disclose it without any such confidentiality obligations;

   iv. Information disclosed by a third party that is not subject to any confidentiality obligations at the time of the disclosure, including, but not limited to, information

    disclosed through communications with customers, other consumers, or members of the public;

  v. Information that is discovered independently by the Receiving Party by means that do not constitute a violation of this Order; or

  vi. Information that was, is, or becomes expressly released from being designated CONFIDENTIAL (as defined below), by the Producing Party or by order of the Court.

f. The term "Outside Counsel" means litigation counsel of record for the Parties who are not employees, officers, or board members of either Party, including those record counsel's associated personnel necessary to assist outside counsel in this Action, such as legal assistants, paralegals, analysts, secretarial, stenographic, information technology and clerical employees assisting such counsel; outside vendors hired by a Party that are under an obligation of confidentiality to outside counsel and who provide litigation support services, such as scanning, coding and/or producing documents at such counsel's request; translation services; computer services; trial consultants, graphic consultants, their employees, and independent contractors hired to assist them, other than those persons described in paragraph 4(b)(v) below.

g. The terms "Parties" or "Party" mean the following Plaintiff and/or Defendants in this Action: WAHL CLIPPER CORP., a Delaware corporation, Conair Corporation, a Delaware corporation, and Conair LLC, a Delaware corporation.

h. The term "Person" means any natural person or any business, legal or governmental entity or association.

i. The term "Producing Party" means any Party, Person or non-party who produces any Discovery Material.

j. The term "Receiving Party" means any Person to whom CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION is disclosed in this Action.

k. The term "Action" or "action" refers to the above-captioned action.

l. Any other term not defined herein shall carry its ordinary meaning.

3. **DESIGNATION OF CONFIDENTIAL AND/OR HIGHLY CONFIDENTIAL INFORMATION**

a. Each Producing Party that produces or discloses any material that it believes contains or comprises HIGHLY CONFIDENTIAL or CONFIDENTIAL INFORMATION shall designate the same by marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on any document containing the CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION. When documents or things are produced for inspection, the documents or things may be collectively designated as containing CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION for purposes of the inspection, by letter or otherwise, without marking each document or thing individually and such documents or things will be treated as either CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (consistent with the respective designation) under this Order.

b. If any CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION is produced by a non-party to this litigation, such a non-party shall be considered a Producing Party within the meaning of that term as it is used in the context of this Order and all Parties to this Order should be treated as Receiving Parties. The Parties recognize that during the course of this Action, CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION that

6

    originated with a non-party and for which there exists an obligation of confidentiality may be produced.

c. In the event any Producing Party discovers, after it has produced information, that it has inadvertently produced CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION that has not been correctly designated, the Producing Party may redesignate the information by a subsequent notice in writing specifically identifying the redesignated information, in which event the parties shall henceforth treat such information in accord with this Order, and shall undertake reasonable efforts to correct any disclosure of such information contrary to the redesignation.

d. All information disclosed during deposition shall be automatically designated as HIGHLY CONFIDENTIAL for a period of fourteen (14) days from the date the final deposition transcript becomes available, and the transcript shall not be disclosed during such time by a non-designating Party to persons other than those persons named or approved according to Paragraph 4(c). Thereafter, the information contained in the deposition transcript will no longer be deemed HIGHLY CONFIDENTIAL unless: (1) in a writing sent to counsel for the Receiving Party before the expiration of the fourteen-day period, counsel for the Producing Party claims in good faith that the deposition transcript (or specific portion(s) of it) contains HIGHLY CONFIDENTIAL INFORMATION or (2) at the deposition, counsel for the Producing Party states on the record that the deposition transcript contains HIGHLY CONFIDENTIAL information, and identifies such information as HIGHLY CONFIDENTIAL, including by stating when the HIGHLY CONFIDENTIAL testimony begins and ends.

e. At least the first page of any correspondence, any written discovery request or response (including interrogatories, document requests, and requests for admission), documents filed with the Court, or any report of an expert witness that constitutes or contains CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION shall be labeled or marked as such when served on the Receiving Party.

4. **DISCLOSURE OF CONFIDENTIAL AND/OR HIGHLY CONFIDENTIAL INFORMATION**

a. Except with the prior written consent of the Party or Person originally designating Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL or as provided in this Order, no CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION may be disclosed to any Party or Person, other than as set forth in this Order.

b. Any information designated as CONFIDENTIAL INFORMATION shall be maintained in strict confidence by any Receiving Party. CONFIDENTIAL INFORMATION may be disclosed only to the following persons or entities:

   i. Outside Counsel;

   ii. In-house counsel to the undersigned Parties and clerical or other support staff employed and directly supervised by such counsel who such counsel believes in good faith must have access to the CONFIDENTIAL INFORMATION to facilitate counsel's informed decisions about the litigation and trial strategy and/or settlement;

   iii. Those directors, officers, and employees of the Parties who counsel in good faith believes must review the CONFIDENTIAL INFORMATION in order to make informed decisions about the litigation and trial strategy and/or settlement;

  iv. Current or former employees of any Party who are authors, addressees, recipients, or copyees of the CONFIDENTIAL INFORMATION;

  v. Outside independent experts and consultants of the Parties who are assisting Outside Counsel in this Action, including any necessary respective staff who owe a duty of confidentiality to such independent expert or consultant, work under their direct supervision, and are employed by them or their employer or organization;

  vi. any Party-retained or Court-appointed mediator or arbitrator;

  vii. The Court and Court personnel, including stenographic reporters and other persons authorized to officially record a deposition in this matter; and

  viii. Any other person designated as permitted by Order of this Court, after notice to all Parties.

c. Any information designated as HIGHLY CONFIDENTIAL INFORMATION shall be maintained in strict confidence by any Receiving Party. HIGHLY CONFIDENTIAL INFORMATION may be disclosed only to the individuals described in Paragraph 4(b)(i), (ii), and (iv) - (viii).

d. Prior to any disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION to Persons described in Paragraph 4(b) (v), each such Person shall read this Order and sign the Undertaking and Acknowledgement of Protective Order and Confidentiality Stipulation ("Undertaking") attached hereto as Exhibit A. The Party that has retained or disclosed CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION to the Person(s) executing the Undertaking(s) shall retain a copy of the executed Undertaking(s) until the final resolution of this Action and,

upon written request, will provide copies of all executed Undertakings to the other Party at the conclusion of the litigation. Persons who have previously been, are currently, or at any time during the course of this Action are seeking to be, employed or retained by any Party in any capacity other than as an expert or consultant with respect to this Action are not "outside independent experts or consultants" as described in Paragraph 4(b)(v) above.

5. **USE AND CONTROL OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION**

   a. Each person who has access to CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION designated pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. All CONFIDENTIAL and/or HIGHLY CONFIDENTIAL information shall:

      i. be maintained in strict confidence by the Receiving Party;

      ii. not be disclosed to, or used by, any Person except as permitted by this Order; and

      iii. not be used by the Receiving Party for any business, commercial, competitive, personal or other purpose and may shall only be used in connection with this Action.

   b. For the avoidance of doubt, nothing contained in this Order shall affect or restrict the rights of any Party with respect to its own documents and information produced in this Action.

   c. Consistent with other provisions of this Order, when a Party's or third party's CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION is discussed or disclosed during a deposition, the Party or third party may exclude any Person not authorized under this Order to have access to the CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION from the depositions while the CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION is disclosed or discussed.

d. Where a document contains both discoverable (i.e. information relevant to the claims and defenses in the Action and/or information responsive to a Party discovery request) and non-discoverable information, the Producing Party may redact the non-discoverable information before producing it, but also must plainly identify each such point of redaction with the label "REDACTED" and must expressly and with particularity identify the basis for the redaction. Where a document contains the personally-identifiable information (PII) of any individual, including without limitation any individual's payment or other financial information, address, phone number or name, the Producing Party may also redact the (PII) before producing the document, but must plainly identify each such point of redaction with the label "REDACTED - PII." Names and contact information for individuals, including third-parties, likely to have discoverable information relevant to the claims and defenses of the Parties should not be redacted, but may be designated as CONFIDENTIAL.

6. **COURT FILINGS**

a. All documents of any nature, including briefs, which have been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL and which are filed with the Court, shall be filed under seal in accordance with the provisions of the United States District Court for the District of Delaware's Administrative Procedures Governing Filing and Service by Electronic Means dated January 2023 ("Procedures"). The burden on any motion or request to seal any Discovery Materials designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL is and shall remain with the Producing Party.

b. The Parties filing any brief, memorandum, motion, letter or other document ("Filing") under seal with the Court because that Filing would disclose information from a document that is otherwise required to be filed under seal pursuant to the provisions of this Order shall comply

    with the provisions of Section (G) of the Procedures, including without limitation the provisions governing the filing of a copy of the Filing for public inspection within seven (7) days.

c. Upon the failure of the filing or lodging party to properly designate information, any Party or third party who in good faith believes that designation and filing under seal is required may move the Court to file said information under seal within fourteen (14) days of learning of the defective filing or lodging. Notice of such designation shall be given to all Parties in this Action. The burden of proving that such information should be sealed shall at all times remain on the Party which designated information as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

**7.**     **CHALLENGES TO DESIGNATION**

A Receiving Party's acceptance of information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL from a Producing Party shall not constitute an admission, or create an inference, that the material is in fact CONFIDENTIAL or HIGHLY CONFIDENTIAL within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G) or this Order. This Order shall not foreclose any Party from moving for an order that information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL is not properly designated as such within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G) or this Order, or otherwise subject to protection from disclosure by the Court. Prior to bringing such a motion, however, the Receiving Party shall first request in writing that the Producing Party change or remove its designation. If the Producing Party refuses to change its designation within seven (7) days, the Receiving Party may move for an order changing or removing the designation. On such a motion, the Producing Party shall have the burden of proving that the information designated CONFIDENTIAL or HIGHLY

CONFIDENTIAL embodies, constitutes, contains, reveals, relates to, or reflects CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION as defined by Paragraphs 2(a), (c)-(e), or is otherwise subject to protection from disclosure by the Court.

8. **INADVERTENT PRODUCTION**

a. In the event any document is produced that the Producing Party later claims is protected by the attorney-client privilege, work-product doctrine, or other privilege or immunity, the Producing Party shall send the Receiving Party a written request seeking return of the original document to the Producing Party (or, at the option of the Receiving Party, destroy the original with written verification provided to Outside Counsel for the Producing Party), destroy or delete all copies thereof, as well as all notes, memoranda or other documents that summarize, discuss or quote the document, and delete any copy of the document, or any portion thereof. Upon receiving notice of inadvertent production, the Receiving Party shall not make any use of such document or thing or disseminate the same in any way other than to challenge the propriety of the asserted privilege or immunity. The Receiving Party may keep one copy of the inadvertently produced document for the sole purpose of challenging the propriety of the asserted privilege or immunity. If the challenge is overruled or denied, the document shall be returned or destroyed immediately.

b. The unintentional or inadvertent production of privileged, work-product protected or otherwise immune documents in the course of discovery in this Action shall not constitute a waiver of any privilege, work-product-protection or immunity, either as to the produced document or as to any other documents or communications embracing the same or similar subject matter provided that the Producing Party notifies the Receiving Party in writing of such unintentional or inadvertent production:

      i.    no later than fourteen (14) business days after the use of the inadvertently produced document at a hearing, deposition, or in a Court filing; or

      ii.   no later than fourteen (14) business days after the Producing Party discovers such unintentional or inadvertent production, whichever is earlier.

c. Return of a document for which the Producing Party has asserted a claim of privilege, work-product-protection or immunity under this paragraph shall be without prejudice to the Receiving Party's right to seek an order from the Court directing production of the document on the ground that the claimed privilege, work-product-protection or immunity is invalid, inapplicable or waived, provided, however, that any motion or other application for such order shall not assert the unintentional or inadvertent production in this Action as a ground for its request to compel production, nor shall it disclose the substance of the inadvertently produced material except as otherwise allowed herein.

## 9. INADVERTENT DISCLOSURE BY RECEIVING PARTY

In the event of disclosure of any information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL to a Person not authorized to have access to such material, the Party responsible for having made, and any Party with knowledge of, such disclosure shall immediately inform the Producing Party of the inadvertent disclosure, and

a. use its best efforts to obtain the return of any such information and if not already bound, to bind such persons to the terms of this Order;

b. within two (2) business days of the discovery of such disclosure, inform such Person of all provisions of this Order and, where such Person is not an employee of a Party or third party already subject to this Order, identify such Person to the Producing Party; and

    c. request such Person to execute the Undertaking in the form attached hereto as Exhibit A. The executed Undertaking shall be served upon counsel of record for the Producing Party within five (5) business days of the execution of the Undertaking by the Party to whom information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL was disclosed.

**10.    INADVERTENT FAILURE TO DESIGNATE**

If a Producing Party inadvertently fails to designate the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL at the time of oral disclosure or production, the Producing Party may thereafter make a designation pursuant to this Protective Order by serving notice thereof in writing, accompanied by substitute copies of each item, appropriately designated, which shall then be deemed to be subject to the terms of this Protective Order. The Receiving Party shall then destroy all copies of the inadvertently or unintentionally produced CONFIDENTIAL or HIGHLY CONFIDENTIAL information. Should any CONFIDENTIAL or HIGHLY CONFIDENTIAL information hereunder be disclosed to any person not entitled to receive the same hereunder, then the parties intend to have such person be automatically bound by this Protective Order, and such person shall be informed within five (5) business days of the discovery of such disclosure of the provisions of this Protective Order by the Receiving Party, and the Receiving Party shall exercise all reasonable efforts to have such person sign a Confidentiality Undertaking in the form of Exhibit A hereto. The parties shall exercise all reasonable efforts to retrieve any such information disclosed to persons not authorized to receive such information under this Protective Order. Nothing herein shall prevent the Producing Party from applying to the Court for further or additional relief.

11.     **ATTORNEY ADVICE TO CLIENT**

Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice relating to this Action to a Party-client or, in the course thereof, relying upon his or her knowledge of CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, provided, however, that in rendering such advice the attorney shall not disclose any CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION received from a Producing Party to unauthorized Persons, except for prior written agreement of counsel by the Parties, or by order of the Court.

12.     **MODIFICATIONS**

This Protective Order may be amended with respect to specific documents or items of CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION by Court order, or by written agreement of the Parties. This Order shall remain in force and effect indefinitely until modified, superseded, or terminated by Order of this Court.

13.     **ADDITIONAL LIMITATIONS ON DISCLOSURE**

Any Party who requests additional limits on disclosure may at any time before the trial of this Action serve upon counsel for the Receiving Party a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court, with the Party seeking the additional restrictions bearing the burden of showing why such additional restrictions are reasonably necessary and not unduly burdensome or restrictive.

14.     **TERMINATION OF THIS ACTION**

Within sixty (60) days of the final disposition of this Action, including all appeals, all recipients of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION must either return it,

including all copies thereof, to the Producing Party, or destroy such material, including all copies thereof. In either event, by the 60-day deadline, upon written request by the Producing Party, the Receiving Party must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstract, compilations, summaries, or other forms of reproducing or capturing any of the CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION, except as set forth below. Notwithstanding this provision, Outside Counsel may retain one archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION, as well as any and all emails that contain, discuss or summarize such information. Any such archival copies or emails that contain or constitute CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION remain subject to this Order.

**15.     OTHER PROCEEDINGS**

By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any Person or Party subject to this Order who becomes subject to a subpoena, motion, or other legal process demanding disclosure of another Party's information designated as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION pursuant to this Order shall: (i) object to the subpoena, motion or other legal process on the ground that the information is subject to this Order and (ii) promptly notify that Party of the demand so that the Party may have an opportunity to intercede and protect its rights. If any documents, tangible things, or information received under this Protective Order and in the possession, custody, or control of any Receiving Party is sought by subpoena, request for production of documents,

interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request, the Receiving Party to whom the process or discovery request is directed shall, unless otherwise precluded from doing so by law or court order, (i) within ten (10) business days after receipt thereof, give written notice by hand, e-mail, or facsimile of such process or discovery request together with a copy thereof, to counsel for the Producing Party; (ii) cooperate to the extent necessary to permit the Producing Party to seek to quash such process or discovery request; and (iii) not produce or disclose the documents, things, or information until the Producing Party consents in writing to production or the Receiving Party is ordered by a court of competent jurisdiction to produce or disclose the documents, things, or information, so long as the order is not stayed prior to the date set for production or disclosure. Nothing herein shall prevent timely compliance with a governmental subpoena or court order.

**16.     WAIVER OR TERMINATION OF ORDER**

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for each Producing Party, or by an Order of the Court for good cause shown. The restrictions provided for herein shall not terminate upon the conclusion of this Action but shall continue until further Order of the Court.

**17.     INFORMATION FROM THIRD PARTIES**

If a third party provides Discovery Materials to any Party, such third party may adopt the terms of this Order with regard to the production of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION. Under such circumstances, the third party shall have the same rights and obligations under this Order as held by the Parties to this Action.

The undersigned counsel of record, subject to the approval of the Court, request that the Court enter the above Order as an order of the Court, and stipulate that the Order shall constitute a binding contract among the Parties and their counsel.

Respectfully submitted,

| BARNES & THORNBURG LLP | SMITH KATZENSTEIN & JENKINS LLP |
|---|---|
| */s/ Chad S.C. Stover* <br> Chad S.C. Stover (No. 4919) <br> 222 Delaware Ave, Suite 1200 <br> Wilmington, DE 19801 <br> Telephone: (302) 300-3474 <br> cstover@btlaw.com <br><br> Sean M. Phipps <br> One Marina Park Drive <br> Boston, MA 02210 <br> Telephone: (617) 316-5326 <br> sean.phipps@btlaw.com <br><br> Daniel P. Albers <br> Mark A. Hagedorn <br> Alexis N. Degler <br> One North Wacker Drive, Suite 4400 Chicago, Illinois 60606 <br> Telephone: (312) 214-8311 <br> daniel.albers@btlaw.com <br> mark.hagedorn@btlaw.com <br> alexis.degler@btlaw.com <br><br> *Attorneys for Plaintiff* | */s/ Daniel A. Taylor* <br> Neal C. Belgam (No. 2721) <br> Daniel A. Taylor (No. 6934 <br> 1000 West Street, Suite 1501 <br> Wilmington, DE 19801 <br> (302) 652-8400 <br> nbelgam@skjlaw.com <br> dtaylor@skjlaw.com <br><br> COWAN, LIEBOWITZ & LATMAN, P.C. <br> Eric J. Shimanoff <br> Mark Montague <br> 114 West 47th Street <br> New York, NY 10036 <br> (973) 998-7722 <br> ejs@cll.com <br> mxm@cll.com <br><br> *Attorneys for Defendants* |

SO ORDERED this __1__ day of _____August_____, 2023.

                                        /s/ Richard G. Andrews
                                      The Honorable Richard G. Andrews
                                      United States District Judge

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WAHL CLIPPER CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>CONAIR CORPORATION and CONAIR LLC,<br><br>Defendants. | C.A. No. 23-0114-RGA |

UNDERTAKING AND ACKNOWLEDGEMENT OF
PROTECTIVE ORDER AND CONFIDENTIALITY STIPULATION

I, _____, hereby attest as follows:

1. My home address is _____.
2. My present employer is _____, and my present work address is _____.
3. My present title, occupation, or job description is _____.
4. I understand that CONFIDENTIAL [insert "and/or HIGHLY CONFIDENTIAL" when applicable] INFORMATION may be disclosed to me under the terms of the Stipulated Protective Order attached to this Undertaking and Acknowledgement. I have a copy of and have read the Stipulated Protective Order, and I agree to comply with and be bound by its terms. I also agree to be subject to the jurisdiction of this Court for the purpose of enforcing this Stipulated Protective Order and this agreement.
5. I agree that I will not disclose to anyone else the CONFIDENTIAL [insert "and/or HIGHLY CONFIDENTIAL" when applicable] INFORMATION disclosed to me, nor discuss or describe the substance or content of such information, except as provided in the Stipulated Protective Order, and that I will use such information only for the purposes of this litigation.
6. I agree that I will not keep any CONFIDENTIAL [insert "and/or HIGHLY CONFIDENTIAL" when applicable] INFORMATION or copies of any such information (including notes or other memoranda or writings containing or relating to such information) except to the extent permitted by the Stipulated Protective Order, and, upon request, will destroy or return such information to the attorneys who disclosed such information to me.

Dated: _____, 2023      _____
                                                             Signature