IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WAHL CLIPPER COPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-114-JCG |
| | ) |
| CONAIR CORPORATION and | ) |
| CONAIR LLC, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

Presently before the court in this patent and trademark infringement action is a partial motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), filed by defendants Conair Corporation and Conair LLC (collectively, "Conair").[1] (D.I. 9) For the following reasons, I recommend that the court DENY Conair's motion to dismiss.

**I.    BACKGROUND**[2]

Plaintiff Wahl Clipper Corporation ("Wahl") is a manufacturer and seller of hair clippers. (D.I. 1 at ¶ 4)  Wahl is the owner of United States Design Patent Number D715,491 entitled "Base with Projections" ("the '491 patent") and United States Patent Number 9,038,276 entitled "Hair Clipper with a Rotary Motor Vibration and Noise Damper" ("the '276 patent"). (*Id.* at ¶¶ 1-2)  Wahl is also the owner of Registered United States Trademark 4610497 for the mark "WEDGE" ("the Trademark" or the "WEDGE Trademark"). (*Id.* at ¶ 3)

---

[1] The parties' briefings and related documents can be found at D.I. 10, D.I. 11, D.I. 14, D.I. 15, and D.I. 19.

[2] For purposes of the pending Rule 12(b)(6) motion to dismiss, the following facts and background information are taken from the complaint unless otherwise noted. *See Mgmt. Sci. Assocs. v. Datavant, Inc.*, 510 F. Supp. 3d 238, 244 (D. Del. 2020).

In the complaint filed on January 30, 2023, Wahl accuses Conair of infringing the '491 patent, the '276 patent, and the WEDGE Trademark. (D.I. 1 at ¶¶ 12, 24, 32) Specifically, Wahl identifies Conair's BaBylissPRO LO-PROFX clipper (the "Accused Device" or the "LO-PRO clipper") as the allegedly infringing device with respect to the '491 patent and the '276 patent. (*Id.* at ¶¶ 11-12, 23-24) Wahl identifies Conair's FX 825 and 603G clippers as the allegedly infringing devices of the WEDGE trademark. (*Id.* at ¶¶ 1-32) Conair moves to dismiss Counts I and III for infringement of the '491 patent and the WEDGE Trademark, respectively. (D.I. 10)

## II.  LEGAL STANDARD

Rule 12(b)(6) permits a party to seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true in the light most favorable to the plaintiff, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555-56.

The court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal citations and quotation marks omitted). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal

evidence of [the necessary element]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "[A] complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Id.* at 231.

## III. DISCUSSION

### A. Count I: '491 Patent Infringement Claim

In support of the motion to dismiss Count I of the complaint, Conair argues that there can be no infringement of the '491 patent as a matter of law because the design of the Accused Device and the claimed features of the '491 patent are plainly dissimilar. (D.I. 10 at 8) Conair focuses on the '491 patent's non-symmetrical handle and curved top edge as two meaningful differences between the claimed design and the Accused Device. (*Id.* at 7-8) Conair's brief also includes an appendix charting additional distinctions between the features of the '491 patent and the Accused Device.[3] According to Conair, these differences collectively establish that the Accused Device is not substantially similar to the design disclosed in the '491 patent. (*Id.* at 9)

Wahl responds that an ordinary observer would be confused as to the source of the goods despite the minor design differences identified by Conair. (D.I. 14 at 7-8) Instead of viewing the design differences in isolation as Conair proposes, Wahl stresses that the court must consider how those differences would impact the ordinary observer's perception of the design as a whole. (*Id.* at 8) (citing *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015)).

---

[3] The court has not considered the alleged differences identified by Conair in the chart attached as Appendix A to Conair's opening brief. Those distinctions were not discussed in the body of the brief. Considering the contents of Appendix A in this instance would therefore enable Conair to effectively circumvent the page limitations set forth in D. Del. LR 7.1.3(a)(4).

3

Conair does not challenge whether Wahl has met any of the specific pleading requirements for patent infringement set forth by the Federal Circuit in *Phonometrics, Inc. v. Hospitality Franchise Systems, Inc.* and reiterated in *Hall v. Bed Bath & Beyond, Inc.*: "(i) allege ownership of the patent, (ii) name each defendant, (iii) cite the patent that is allegedly infringed, (iv) state the means by which the defendant allegedly infringes, and (v) point to the sections of the patent law invoked." 705 F.3d 1357, 1362 (Fed. Cir. 2013) (citing *Phonometrics, Inc. v. Hosp. Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000)). Instead, Conair disputes the overall plausibility of Wahl's allegedly conclusory averments about the similarities between the claimed patent and the accused design. (D.I. 19 at 4)

Wahl's factual allegations meet the Rule 8 plausibility standard, and "whether the facts as plausibly pleaded can be proved is a matter for trial." *Hall*, 705 F.3d at 1364; *see Shure Inc. v. Clearone, Inc.*, C.A. No. 19-1343-RGA-CJB, 2020 WL 2839294, at *13 (D. Del. June 1, 2020) ("Design patent infringement is a question of fact that must be proven by the patentee by a preponderance of the evidence."). In its complaint, Wahl charts the '491 patent drawings next to images of the Accused Device to demonstrate similarities in the design. (D.I. 1, Ex. E) For example, Wahl juxtaposes Figures 6 and 7 of the '491 patent with corresponding views of the Accused Device to illustrate how an ordinary observer would find the '491 patent design and the Accused Device to be substantially similar:

4



(*Id.*, Ex. E at 4)



(*Id.*, Ex. E at 5)  These comparisons "demonstrate[ ] sufficient visual similarity to render infringement plausible at this stage of the case." *Shure*, 2020 WL 2839294, at *14.  The complaint explains that, while the symmetrical indented regions on the side edge of the Accused Device are different from the asymmetrical side edge depicted in the '491 patent, this difference amounts to the inclusion of an additional element to the claimed design and is not sufficient to

remove it from the realm of infringement. (*Id.* at ¶¶ 12, 14)

Conair maintains that no ordinary observer would confuse the '491 patent design with the Accused Device due to differences in the symmetry of the elongated handle and the curvature of the top edge connecting the left and right sides. (D.I. 10 at 7-8) But the side-by-side comparisons presented by Wahl establish sufficient similarity at this stage of the proceedings to survive a motion to dismiss. *See Shure*, 2020 WL 2839294, at *14. The differences between the '491 patent design and the Accused Device are not as pronounced as the design differences in other cases dismissing infringement claims as implausible at the pleading stage. For example, in *Anderson v. Kimberly-Clark Corp.*, the Federal Circuit determined that the district court did not err in granting judgment on the pleadings of noninfringement where the design patent disclosed a "bloomers-style" disposable undergarment, as compared to the briefs-style accused products, because the "differences are markedly apparent." 570 F. App'x 927, 933 (Fed. Cir. 2014). Here, in contrast, the '491 patent design and the Accused Device depict the same overall style of clippers with some features that are not identical. Whether the differences in the symmetry of the handle and/or the curvature of the top edge are sufficient to render them distinct in the eyes of an ordinary observer presents an issue of fact absent a showing that the claimed design and the Accused Device are "plainly dissimilar." *See simplehuman, LLC v. iTouchless Housewares & Prods., Inc.*, 2019 WL 5963245, at *2 (N.D. Cal. Nov. 13, 2019) (explaining that "dismissal is generally inappropriate unless the claimed design and accused product are so plainly dissimilar that it is implausible that an ordinary observer would confuse them." (internal citations and quotation marks omitted)).

District court cases dismissing claims for design patent infringement at the pleading stage also feature designs that are "plainly dissimilar" on their face in a way that distinguishes them

from the subtler differences between the '491 patent and the Accused Device. In *Performance Designed Products, LLC v. Mad Catz, Inc.*, the court determined that the overall rounded and curved design of the game controller claimed in the design patent was plainly dissimilar from the angular, squared design of the accused product. 2016 WL 3552063, at *5 (S.D. Cal. June 29, 2016). In *Wine Enthusiast, Inc. v. Vinotemp International Corp.*, the court dismissed a design patent infringement claim because the different features of the patented wine rack and the accused wine rack "constitute[d] the entirety of the claimed design except for its color." 317 F. Supp. 3d 795, 802 (S.D.N.Y. 2018). And in *Silverman v. Leombruni*, the court held that the patented high-heeled dress shoe and the accused oxford shoe which featured a camouflage design on different aspects of the shoe were plainly dissimilar in the eyes of an ordinary observer. 2016 WL 715735, at *3 (S.D.N.Y. Feb. 19, 2016); *see also P.S. Prods. Inc. v. Activision Blizzard, Inc.*, 140 F. Supp. 3d 798, 803 (E.D. Ark. 2014) (dismissing design patent infringement claim because "no reasonable person would purchase defendants' video game believing that they were purchasing plaintiffs' stun gun."); *MSA Prods., Inc. v. Nifty Home Prods., Inc.*, 883 F. Supp. 2d 535, (D.N.J. 2012) (dismissing design patent infringement claim where side-by-side comparison showed that "a storage unit for coffee pods with three drawers is not substantially the same as a storage unit for coffee pods with only one drawer.").

    Wahl has plausibly alleged that an ordinary observer would be confused by the overall similarity between the '491 patent and the Accused Device. Because Conair does not argue pleading deficiencies and instead factually challenges whether an ordinary observer would find only minor design differences between the patented design and the Accused Device, I recommend that the court deny Conair's motion to dismiss Count I.

7

### B. Count III: WEDGE Trademark Infringement Claim[4]

Count III of the complaint alleges that Conair's use of the word "WEDGE" with the FX 825 and 603G clippers infringes the WEDGE Trademark. (D.I. 1 at ¶¶ 31-32) Conair moves for dismissal of Count III without challenging the sufficiency of the pleaded cause of action for trademark infringement. Instead, Conair seeks a ruling on the merits of its statutory fair use defense, arguing that dismissal is appropriate because the facts alleged in the complaint establish fair use as a matter of law. (D.I. 10 at 9-19); 15 U.S.C. § 1115(b)(4). Wahl responds that the fair use affirmative defense should not be decided on a pre-answer motion because the analysis is fact intensive. (D.I. 14 at 11-12)

The parties rely on competing cases in their discussion of whether the merits of a fair use defense may be decided on a motion to dismiss. In *Robinson v. Johnson*, the Third Circuit recognized the long-standing principle that an affirmative defense may be raised on a Rule 12(b)(6) motion to dismiss if the basis for the defense is apparent from the face of the complaint, as in the context of a statute of limitations defense. 313 F.3d 128, 135 (3d Cir. 2002) (citing *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978)). Conair cites no authority suggesting that the Third Circuit has extended this rule to a fair use defense. *Cf. Mir v. Brod*, 2022 WL 16639992 at *14 (E.D. Pa. Nov. 2, 2022) (describing how Third Circuit courts have considered affirmative defenses such as the statute of limitations, qualified immunity, and *res judicata* on a motion to dismiss). Rather, case law from this circuit indicates that the fair use

---

[4] The parties dispute whether the Declaration of Eric J. Shimanoff and evidence attached as Exhibits B-D and Exhibit F to the declaration should be considered on a motion to dismiss. (D.I. 10 at 11, 15; D.I. 14 at 14; D.I. 19 at 6-7) These exhibits are cited in support of the merits of Conair's fair use defense and are not properly be considered on a motion to dismiss. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426 (stating that the court may only consider "document[s] integral to or explicitly relied upon in the complaint" in deciding a Rule 12(b)(6) motion to dismiss).

8

defense raises issues of fact which generally cannot be resolved on the pleadings. *See Inst. for Sci. Info., Inc. v. Gordon & Breach, Sci. Publishers, Inc.*, 931 F.2d 1002, 1010 (3d Cir. 1991) (finding that pleaded allegations raised material issues of fact as to the good faith element of the defendant's fair use defense); *see also Digit. Dream Labs, LLC v. Living Tech. (Shenzhen) Co.*, 587 F. Supp. 3d 305, 326 (W.D. Pa. 2022) (holding that "any analysis of [defendant's] affirmative defense of nominative fair use is premature"); *Pennsylvania State Univ. v. Keystone Alternatives LLC*, 2020 WL 1082647 at *3 (M.D. Pa. Mar. 5, 2020) (concluding that analysis of fair use defense is premature during a motion to dismiss); *Microsoft Corp. v. Softicle.com*, 2017 WL 5517379 at *5 (D.N.J. Sept. 29, 2017) (finding that "Defendants' fair use defense is premature" at the motion to dismiss stage); *Valley Forge Mil. Acad. Found. v. Valley Forge Old Guard, Inc.*, 24 F. Supp. 3d 451, 458 (E.D. Pa. 2014) (denying motion to dismiss on the grounds that "further development of the factual record is required"); *Amerigas Propane, L.P. v. Opinion Corp.*, 2012 WL 2327788 at *7 (E.D. Pa. June 19, 2012).

  Unlike a statute of limitations defense, which can be assessed from the face of the complaint, the fair use defense raised by Conair is an "inherently factual question[ ] best resolved at a later stage in the proceedings." *Treasury Mgmt. Services, Inc. v. Wall St. Sys. Delaware, Inc.*, C.A. No. 16-283-SLR, 2017 WL 1821114, at *1 n.3 (D. Del. May 5, 2017). Conair's extensive discussion of the merits of its fair use defense, spanning nearly ten pages, confirms that it is not "apparent from the face of the complaint" whether the fair use defense applies. (D.I. 10 at 9-19) Conair's arguments go beyond the four corners of the complaint, referring to four different evidentiary sources for "evidence of descriptive fair use" and providing examples of terms that have met the descriptive fair use standard from courts outside of the Third Circuit at

9

either the summary judgement or post-trial stage of proceedings.[5] (*Id.*)

Conair cites cases from courts in other circuits to support its position that a trademark infringement claim may be dismissed based on the merits of a fair use defense.[6] (D.I. 10 at 10) These cases are not persuasive or binding on this court in view of cases from within the Third Circuit declining to consider the merits of a fair use defense at the pleading stage. *See, e.g.*, *Inst. for Sci. Info., Inc. v. Gordon & Breach, Sci. Publishers, Inc.*, 931 F.2d 1002, 1010 (3d Cir. 1991) (finding that pleaded allegations raised material issues of fact as to the good faith element of the defendant's fair use defense); *Digit. Dream Labs, LLC v. Living Tech. (Shenzhen) Co.*, 587 F. Supp. 3d 305, 326 (W.D. Pa. 2022) (holding that "any analysis of [defendant's] affirmative defense of nominative fair use is premature"); *Pennsylvania State Univ. v. Keystone Alternatives LLC*, 2020 WL 1082647 at *3 (M.D. Pa. Mar. 5, 2020) (concluding that analysis of fair use defense is premature during a motion to dismiss). Because it is premature to resolve Conair's fair use defense on the merits, the court need not address Conair's arguments on whether the "WEDGE" term is used (1) in a descriptive sense; (2) not as a trademark to indicate the source of its goods; and (3) in good faith. (*Id.* at 10-19) Accordingly, I recommend that the court deny

---

[5] *See Sorensen v. WD-40 Co.*, 792 F.3d 712, 717 (7th Cir. 2015) (decided on summary judgment); *Zatarains, Inc. v. Oak Grove Smokehouse, Inc.*, 698 F.2d 786, 788 (5th Cir. 1983), *abrogated in part by KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 116 (2004) (decided on a post-trial appeal); *Dessert Beauty, Inc. v. Fox*, 568 F. Supp. 2d 416, 429 (S.D.N.Y. 2008) (decided on summary judgment); *Soweco, Inc. v. Shell Oil Co.*, 617 F.2d 1178, 1182 (5th Cir. 1980) (decided on a post-trial appeal).

[6] *See Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th Cir. 2009) (holding that the fair use defense was ascertainable as a matter of law from the complaint and attached exhibits); *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 11 F.3d 1460, 1463 (9th Cir. 1993) (affirming district court's grant of 12(b)(6) motion based on fair use defense); *Kassa v. Detroit Metro Convention & Visitors Bureau*, 150 F. Supp. 829, 840 (E.D. Mich. 2015) (holding that facts established fair use defense as a matter of law); *Southeast Clinical Nutrition Centers, Inc. v. Mayo Found. for Med. Educ. & Rsch.*, 135 F. Supp. 3d 1267, 1275-79 (N.D. Ga. 2013) (granted motion to dismiss based on fair use defense).

Conair's motion to dismiss Count III.

## IV. CONCLUSION

For the foregoing reasons, I recommend that the court DENY Conair's motion to dismiss pursuant to Rule 12(b)(6). (D.I. 9)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: November 6, 2023

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE